PER CURIAM:
Claimant, an inmate at the Mount Olive Correctional Complex, a facility of the respondent, brought this claim to recover the value of certain personal property items that he alleges were improperly removed from his cell. The Court is of the opinion to deny this claim for the reasons more fully stated below.
Claimant testified at the hearing of this matter that on June 12, 2008, respondent performed a search of all cells in the Pine Flail living quarters where he resided at the time. During the search, respondent removed forty-eight compact discs (valued at $19.00 each, totaling $912.00), fifteen Play Station games (valued at $20.00 each, totaling $300.00), a rug (valued at $20.00), and twenty magazines (valued at $5.00) from the claimant’s cell. Claimant stated that the total value of his property that was seized by the respondent amounts to $1,237.00.
On August 7, 2008, claimant was called to the State Shop to review his *101 belongings. When respondent presented the claimant with a bag full of items, the claimant stated, “I can’t touch this because you never gave me an S-l [seizure form] for it.”
Janet Payne, an employee at the Mount Olive Correctional Complex, testified that the purpose of the search was to check the cells to remove any property that was in excess of allowable items. There was a new operational procedure in place with amended property limits. She stated that when there is a new warden in the prison, the warden may decide to update the prison’s operational procedures. Under the new rules, each inmate is limited to keeping fifteen compact discs, ten Play Station games, and five magazines in their cell.
Peggy Giacomo, an employee at respondent’s State Shop, testified that the State Shop stores property belonging to inmates, including property seized from inmates. Ms. Giacomo stated that the State Shop is presently holding the majority of the claimant’s property consisting of forty-three compact discs, four Play Station games, and one rug. She testified that if an inmate has exceeded the limit of allowable property, there are two options: 1) The inmate mails the excess property to someone outside the prison, or 2) the excess property will be destroyed. Since the claimant currently has fifteen compact discs and ten Play Station games, he is not permitted to have the property that was seized by the respondent. Ms. Giacomo stated that the State Shop normally holds the inmate’s property for thirty days. If the respondent does not receive instruction from the inmate to hold the property after the thirty-day time period, the property is destroyed.
Jason Wooten, officer for respondent, testified that he conducted the search that occurred on June 12,2008, in which claimant’s property was seized. Mr. Wooten testified that respondent took at least one dozen Play Station games and approximately forty-eight compact discs from the claimant’s cell. Mr. Wooten stated that he did not fill out a seizure form with respect to the items taken from the claimant’s cell. Since he was searching the whole pod for excess property, another individual was responsible for filling out the forms. He explained that normally, the officers or counselors that search the cell are supposed to fill out an S-l form which provides documentation of the items taken from an inmate’s cell.
Charles Johnson, an inmate at the Mount Olive Correctional Complex, testified that approximately one and a half months after Pine Hall was searched, he recalled seeing some of respondent’s compact discs being sold on the yard.
Operational Procedure Number 4.03 (dated April 1, 2009) sets forth the Inmate Property and State Shop Procedures. Under Attachment. Number 1, Approved Inmate Property At MOCC, Section J states as follows:
Cassettes. Musical Compact Discs. Play Station Games & Storage Boxes: Cassettes, Musical Compact Disks, Play Station Games and Storage boxes must be purchased through the MOCC Commissary or approved catalog. The total number of cassettes and/or compact disks in any combination shall not exceed a total of fifteen (15) and the total number of Play-Station games shall not exceed a total of ten (10). The overall total of Cassette Tapes/Compact Disks and Play Station Games shall therefore not exceed twenty-five (25). One (1) storage box shall be permitted for each inmate.
Further, under Operational Procedure Number 4.03, Attachment Number 1, Approved Inmate Property at MOCC, Section M, Number 3 states, as follows: “In-Cell possession limit of newspapers and magazines is five (5) total...”
*102 The Court finds that the respondent is currently storing the majority of the claimant’s property since he is limited in the number of allowable items he is permitted to keep in his cell. The claimant has the option of informing the respondent if he chooses to have the property mailed to someone or if he elects to have the property destroyed. The Court cannot hold the respondent liable for enforcing prison rules as set forth in Operational Procedure Number 4.03. Thus, the Court finds that the claimant is not entitled to compensation for the property that was seized from his cell.
Accordingly, the Court is of the opinion to and does deny this claim. Claim disallowed.